**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD CUTCHINS, | Civil Action No. 23-353 (MAS) (RLS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| HOME DEPOT CORPORATION, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant The Home Depot, Inc.'s[1] ("Defendant") Motion to Dismiss (ECF No. 17) Plaintiff Linwood Cutchins's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 18), and Defendant replied (ECF No. 19). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**[2]

Plaintiff is the owner of Patent #11399979 ("'979 Patent"), which is an apparatus for removing debris from a human organ, like an eye. (Compl. 3, ECF No. 1; Compl., Ex. 1, ECF

---

[1] The moving Defendant is incorrectly identified in the Complaint as "Home Depot Corporation." (ECF No. 1.) The Court recognizes that the moving Defendant in this action is properly identified as "The Home Depot, Inc." (Def.'s Moving Br. 1, ECF No. 17-3.)

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

No. 1-1; Def.'s Moving Br., Ex. A. *3-12, ECF No. 17-2.)[3] Defendant allegedly sells products that infringe on the '979 Patent. (Compl. 3.)

Plaintiff filed a complaint on January 19, 2023, against Defendant alleging a medical patent infringement claim. (*See generally* Compl.)[4] The Clerk issued a summons as to Defendant on March 17, 2023. (ECF No. 4.) On March 20, 2023, Plaintiff filed a certificate of service as to the summons. (First Certificate of Service, ECF No. 5.) The certificate of service indicated that the summons was mailed via the United States Postal Service ("USPS") on March 20, 2023, and Plaintiff signed the certificate of service as the "Server." (*Id.*) Plaintiff filed a motion for default judgment on June 9, 2023, which was terminated about one week later.[5] (ECF Nos. 6, 7.) The Court dismissed the case on March 12, 2024, under Local Civil Rule 41.1(a) because no action had been taken in the previous ninety days, and there was no good cause showing why the case should not be dismissed. (Order for Dismissal, ECF No. 9.)

On March 27, 2024, this Court reopened the case at Plaintiff's request (ECF No. 11) and issued an order ("March 2024 Order") advising Plaintiff that he failed to comply with Federal Rule of Civil Procedure 4(c)(2)[6] because Plaintiff himself mailed the summons to Defendant via USPS mail (*see generally* March 2024 Order, ECF No. 12). In the March 2024 Order, Plaintiff was directed to "promptly serv[e] Defendant in accordance with the Federal Rules of Civil Procedure so that this case may proceed on the merits." (*Id.* ¶ 14.)

---

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[4] Plaintiff originally tried to proceed in this matter *in forma pauperis*, but ultimately paid the filing fee on March 9, 2023.

[5] Plaintiff's motion for default judgment was terminated because Plaintiff did not first obtain a Clerk's entry of default.

[6] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Following the March 2024 Order, Plaintiff filed two additional certificates of service: one on May 3, 2024 (Second Certificate of Service, ECF No. 13); and another on May 31, 2024 (Third Certificate of Service, ECF No. 14). Both certificates of service indicated that Plaintiff again served Defendant with the summons via USPS mail.

On June 26, 2024, Defendant filed the instant motion to dismiss the complaint on the grounds that: (1) service was improper under Rules 4(c)(1) and 4(c)(2); (2) a non-existent entity was listed as Defendant; (3) Plaintiff had no standing; and (4) Plaintiff failed to assert a patent infringement claim. (*See generally* Def.'s Moving Br., ECF No. 17-3.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 18), and Defendant replied. (Def.'s Reply Br., ECF No. 19).

**II.    LEGAL STANDARD**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(4), a party may file a motion asserting insufficient process as a defense. Additionally, under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.

Rule 4 establishes the procedural requirements that must be met for proper service under Rules 12(b)(4) and 12(b)(5). "If a defendant is not served within [ninety] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Upon a showing of good cause for the delay by the plaintiff, the court "must extend the time for service for an appropriate period." *Id.* "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1. 2008) (quoting *Carpenter v. Young*, No. 04-927, 2004 WL 1858353, at *2 (E.D.

3

Pa. Aug. 3, 2004)), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). "A *pro se* plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply . . . ." *Sykes v. Blockbuster Inc./Viacom*, No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006) (citing *Carlton v. Bullet*, No. 85-3546, 1989 WL 125365 (D.N.J. Oct. 16, 1989)), *aff'd sub nom. Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006).

### III.   DISCUSSION

Defendant argues that this Court should dismiss Plaintiff's Complaint for both insufficient process under Rule 12(b)(4) because Plaintiff did not include a copy of the Complaint, and insufficient service of process under Rule 12(b)(5) because Plaintiff mailed the summons himself. (*See* Def.'s Moving Br. 7-9.) In response, Plaintiff argues that he has made multiple good faith attempts to serve Defendant, and if service was insufficient, he should be given an opportunity to cure any defects. (Pl.'s Opp'n Br. *2.)

"A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). As such, a party must be properly served for a court to exercise jurisdiction over it. *See Granger v. Am. E-Title Corp.*, No. 10-4627, 2013 WL 1845338, at *5 (D.N.J. Apr. 10, 2013). The rules governing service of process are designed to reduce issues and ensure fairness in proceedings. *See Mathies v. Silver*, 450 F. App'x 219, 223 (3d Cir. 2011) (holding "fairness to the defendant in this case outweighed [plaintiff's] interest in continuing the litigation" where plaintiff failed to properly serve defendant). Compliance with service of process rules, therefore, is not merely a formality.

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 515 (3d Cir. 1988); *see*

*Apexco PPSI, LLC v. De Herdt*, No. 19-5989, 2021 WL 1649895, at *1 (E.D. Pa. Apr. 27, 2021) (stating that the plaintiff bears the responsibility to ensure compliance with Rule 4(c)(1)). In the instant case, Plaintiff's mailings did not include a copy of the Complaint (*see* Def.'s Moving Br. 7; Def.'s Moving Br., Certification of Paul J. Kaplan ¶¶ 3-5, ECF No. 17-1), and therefore process was insufficient under Rule 12(b)(4).

Even if Plaintiff's mailings included a copy of the Complaint, however, Plaintiff's attempt to effectuate service was still procedurally improper because Plaintiff, himself, served the Defendants. (*See* First Certificate of Service *1; Second Certificate of Service *1; Third Certificate of Service *2.) Rule 4(c)(2) states that a summons and complaint can be served by "any person who is at least 18 years of age and not a party [to the action]." Fed. R. Civ. P. 4(c)(2). Plaintiff, plainly stated, is a party to this action and on his second and third tries to effectuate service, improperly attempted to serve Defendant himself. *Touray v. Middlesex County*, 139 F. App'x 428, 430 (3d Cir. 2005) (finding service of process was not satisfied where a plaintiff was "identified as the server on the return receipt submitted to the [d]istrict [c]ourt"). Importantly, "*pro se* litigants are not excused from complying with the [Rule] governing service of process." *Dodson v King*, No. 23-3344, 2024 WL 4025863, at *1 (D.N.J. Aug. 30, 2024) (quoting *Richardson v. Cascade Skating Rink*, No. 19-8935, 2021 WL 1259669, at *1 (D.N.J. Apr. 6, 2021)). As such, Plaintiff's service of process was deficient under Rule 4(c)(2).

Moreover, since Plaintiff is serving a corporation, he must comply with Rule 4(h)(1), which prescribes two different options to effectuate proper service upon a corporation. One option requires a copy of the summons and complaint to be personally delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(h)(1). The second option allows service as prescribed by Rule

5

4(e)(1), which allows for service pursuant to the state law "in the state where the district court is located . . . ." Plaintiff may therefore choose to satisfy New Jersey Court Rule 4:4-4.[7] See *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602-03 (D.N.J. 2003) (describing how to serve a corporation).

Defendant's Motion to Dismiss is accordingly granted, and Plaintiff's Complaint is dismissed without prejudice. Plaintiff will be given one final opportunity to adequately serve Defendant consistent with the Federal Rules of Civil Procedure. If Plaintiff does not properly serve Defendant in forty-five (45) days, the Court may dismiss the action with prejudice.

## IV.    CONCLUSION

For the above reasons, the Court dismisses Plaintiff's Complaint without prejudice. An appropriate order will follow this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] The applicable New Jersey Court Rules that provide for service upon a corporation are 4:4-4(a)(6) and 4:4-4(b)(1).