UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD CUTCHINS, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT CORPORATION, <br><br> Defendant. | Civil Action No. 23-353 (MAS) (RLS) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon review of its docket. On December 17, 2024, this Court granted Defendant The Home Depot, Inc.'s[1] ("Defendant") motion to dismiss pro se Plaintiff Linwood Cutchins's ("Plaintiff") Complaint for failure to properly serve the Summons and Complaint under the Federal Rules of Civil Procedure.[2] (ECF No. 23.) The Court gave Plaintiff forty-five days to properly serve Defendant. (*Id.*)

On February 5, 2025, five days after the forty-five-day deadline passed, Plaintiff filed a "Certificate of Service." (ECF No. 29.) This Certificate of Service, however, does not mention the Summons or Complaint or any waiver of service. As explained in the Court's December 17, 2024 Opinion, Defendant is a corporation that must be properly served under Rule 4(h), which provides two different options to effectuate proper service:

---

[1] Defendant is incorrectly identified in the Complaint as "Home Depot Corporation." (ECF No. 1.) The Court recognizes that the moving Defendant in this action is properly identified as "The Home Depot, Inc." (ECF No. 17-3.)

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual;[3] or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Under Rule 4(d)(1), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Any waiver request, however, must satisfy the requirements set forth in Rule 4(d). Here, it does not appear that Plaintiff effectuated service under Rule 4. Moreover, it does not appear that Plaintiff properly requested Defendant to waive service under Rule 4(d).

Because Plaintiff is proceeding pro se, however, the Court grants Plaintiff another opportunity to serve Defendant properly.

**IT IS, THEREFORE,** on this 17th day of March 2025, **ORDERED** as follows:

1. Plaintiff is given thirty (30) days from the date of this Memorandum Order to properly serve Defendant pursuant to the Federal Rules of Civil Procedure. If Plaintiff does not properly serve Defendant within that time, the Court may dismiss the action with prejudice.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Under Rule 4(e)(1), Plaintiff may serve Defendant pursuant to the state law "in the state where the district court is located . . . ." Plaintiff may therefore choose to satisfy New Jersey Court Rule 4:4-4, which provides the relevant rules for service upon a corporation at 4:4-4(a)(6) and 4:4-4(b)(1).