**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINWOOD CUTCHINS,

           Plaintiff,

v.

HOME DEPOT CORPORATION,

           Defendant.

Civil Action No. 23-353 (MAS) (RLS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Linwood Cutchins's ("Cutchins") Motion for Expedited/Early Hearing and Request for Injunctive Relief (the "Motion for Hearing") (ECF No. 32) and Defendant The Home Depot, Inc.'s ("Home Depot")[1] Motion to Dismiss (the "Motion to Dismiss") (ECF No. 33) Cutchins's Complaint (the "Complaint") (ECF No. 1) (collectively, the "Motions"). Cutchins opposed the Motion to Dismiss (ECF No. 34), and Home Depot replied (ECF No. 35). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons stated below, the Motions are denied as moot. The Court will dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[2]

---

[1] Home Depot is incorrectly identified in the Complaint as "Home Depot Corporation." (ECF No. 1.) The Court recognizes that Home Depot in this action is properly identified as "The Home Depot, Inc." (ECF No. 17-3.)

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.   **BACKGROUND**[3]

Cutchins is the owner of Patent #11399979 ("'979 Patent"), which is an apparatus for removing debris from a human organ, like an eye. (Compl. 3, ECF No. 1; Compl., Ex. 1, ECF No. 1-1.) Home Depot allegedly sells products that infringe on the '979 Patent. (Compl. 3.)

Cutchins filed a Complaint against Home Depot on January 19, 2023, alleging a medical patent infringement claim. (*See generally id.*)[4] The Clerk issued a Summons (the "Summons") as to Home Depot on March 17, 2023. (Summons, ECF No. 4.) On March 20, 2023, Cutchins filed a certificate of service as to the Summons. (Mar. 2023 Certificate of Serv., ECF No. 5.) The certificate of service indicated that the Summons was mailed via the United States Postal Service ("USPS") on March 20, 2023, and Cutchins signed the certificate of service as the "Server." (*Id.*) Cutchins filed a motion for default judgment on June 9, 2023, which was terminated about one week later. (ECF Nos. 6, 7.)[5] The Court dismissed the case on March 12, 2024, under Local Civil Rule 41.1(a) because no action had been taken in the previous ninety days, and there was no good cause showing why the case should not be dismissed. (ECF No. 9.)

On March 27, 2024, this Court reopened the case at Cutchins's request (ECF No. 11) and issued an order ("March 2024 Order") advising Cutchins that he failed to comply with Rule 4(c)(2) because Cutchins himself mailed the Summons to Home Depot via USPS mail (*see generally* Mar. 2024 Order, ECF No. 12). In the March 2024 Order, Cutchins was directed to "promptly [serve

---

[3] For the purpose of considering the Motions, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[4] Cutchins originally tried to proceed in this matter *in forma pauperis*, but ultimately paid the filing fee on March 9, 2023.

[5] Cutchins's motion for default judgment was terminated because Cutchins did not first obtain a Clerk's entry of default.

Home Depot] in accordance with the [Rules] so that this case may proceed on the merits." (Mar. 2024 Order ¶ 14.) The Court gave Cutchins an additional forty-five days to properly serve Home Depot pursuant to the Rules, instructed Cutchins on what Rule he must follow to properly serve Home Depot, and warned Cutchins that if he did not properly serve Home Depot within the forty-five days, the Court may dismiss the action with prejudice. (*Id.*)

Following the March 2024 Order, Cutchins filed two additional certificates of service: one on May 3, 2024 (First May 2024 Certificate of Serv., ECF No. 13); and another on May 31, 2024 (Second May 2024 Certificate of Serv., ECF No. 14). Both certificates of service indicated that Cutchins again improperly served Home Depot with the Summons via USPS mail. (First May 2024 Certificate of Serv.; Second May 2024 Certificate of Serv.)

On June 26, 2024, Home Depot filed its first motion to dismiss the Complaint on the grounds that: (1) service was improper under Rules 4(c)(1) and 4(c)(2); (2) a non-existent entity was listed as defendant; (3) Cutchins had no standing; and (4) Cutchins failed to assert a patent infringement claim. (*See generally* ECF No. 17-3.) Cutchins opposed. (Pl.'s July 2024 Opp'n Br., ECF No. 18.) In the opposition, Cutchins acknowledged that he improperly served Home Depot, and argued in part that any service "deficiencies were unintentional and should be excused due to [Cutchins's *pro se*] status" and requested additional time to properly serve. (*Id.* at *6-8.)[6] Home Depot replied. (ECF No. 19.)

On August 3, 2024, Cutchins filed correspondence again acknowledging that he improperly served the Complaint and Summons and requesting leniency from this Court regarding service of process. (Aug. 2024 Correspondence *1-2, ECF No. 20 ("While it is true that my initial attempts at service may not have met the strict requirements outlined in the March 27 Order, any

---

[6] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

3

deficiencies were not due to a lack of effort or intent to comply . . . . Given my [*pro se*] status and lack of legal training, I respectfully request leniency from the Court.").)

On December 17, 2024, the Court granted the motion to dismiss and dismissed Cutchins's Complaint without prejudice for failure to properly serve the Summons and Complaint under the Rules. (Dec. 2024 Mem. Op., ECF No. 22; Dec. 2024 Order, ECF No. 23.) This Court gave Cutchins another forty-five days to properly serve Home Depot. (Dec. 2024 Mem. Op.; Dec. 2024 Order.)

On January 20, 2025, Cutchins filed his first motion for expedited/early hearing and request for injunctive relief instead of properly serving Home Depot. (ECF No. 24.)

On January 26, 2025, Cutchins filed another certificate of service. (First Jan. 2025 Certificate of Serv., ECF No. 26.) The certificate of service, however, did not mention the Summons or Complaint, or any waiver of service. (*Id.*)

On January 27, 2025, the Court administratively terminated Cutchins's first motion for expedited/early hearing and request for injunctive relief pending proper service. (ECF No. 27.)

The same day, Cutchins filed another certificate of service. (Second Jan. 2025 Certificate of Serv., ECF No. 28.) The certificate of service, however, did not mention the Summons or Complaint, or any waiver of service. (*Id.*)

On February 5, 2025, after the forty-five-day deadline passed, Cutchins filed another certificate of service. (Feb. 2025 Certificate of Serv., ECF No. 29.) Once again, the certificate of service did not mention the Summons or Complaint, or any waiver of service. (*Id.*)

On March 17, 2025, the Court gave Cutchins an additional thirty days to properly serve Home Depot pursuant to the Rules, explained exactly how to properly serve Home Depot, and

4

warned Cutchins that if he did not properly serve Home Depot within the thirty days, the Court may dismiss the action with prejudice. (Mar. 2025 Mem. Order, ECF No. 30.)

On April 8, 2025, Cutchins filed the instant Motion for Hearing instead of properly serving Home Depot. (Pl.'s Apr. 2025 Mot. for Hearing, ECF No. 32.)

On April 21, 2025, Home Depot filed the instant Motion to Dismiss (Def.'s Apr. 2025 Mot. to Dismiss, ECF No. 33), and Cutchins opposed (Pl.'s May 2025 Opp'n Br., ECF No. 34). In the opposition, Cutchins acknowledged that he improperly served Home Depot, argued in part that any service deficiencies should be excused due to his *pro se* status, and requested additional time to properly serve. (Pl.'s May 2025 Opp'n Br. 5-8, 13.) Home Depot replied. (Def.'s Apr. 2025 Reply Br., ECF No. 35.)

On May 19, 2025, Cutchins filed another certificate of service. (May 2025 Certificate of Serv., ECF No. 36.) Once again, the certificate of service did not mention the Summons or Complaint, or any waiver of service. (*Id.*)

To date, Cutchins has failed to demonstrate that he properly served Home Depot.

## II.    LEGAL STANDARD

Dismissal of a complaint may be appropriate under Rule 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).[7]

In such circumstances, courts can dismiss a complaint *sua sponte* with prejudice. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (affirming district court's *sua*

---

[7] A failure to prosecute and a failure to comply with court orders is often used interchangeably. *See Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (demonstrating a failure to comply with court orders may constitute lack of prosecution); *Shaw v. Obermier*, No. 11-276, 2014 WL 3853862, at *3 (D.N.J. Aug. 6, 2014) (same); *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, No. 22-5017, 2025 WL 2331326, at *2 (D.N.J. Aug. 12, 2025) (same).

*sponte* dismissal with prejudice when plaintiff failed to comply with court orders); *Dickens v. Danberg*, 700 F. App'x 116, 118-19 (3d Cir. 2017) (affirming dismissal with prejudice when plaintiff failed to prosecute); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)) (stating "a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order"); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (stating "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

In *Poulis*, the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willful or bad faith conduct; (5) alternative sanctions; and (6) meritoriousness of the claims or defenses. 747 F. 2d at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citation omitted).

### III.  DISCUSSION

To date, this Court provided Cutchins multiple extensions and multiple sets of instructions on how to properly serve Home Depot. (*See* Mar. 2024 Order; Dec. 2024 Mem. Op.; Dec. 2024 Order; Mar. 2025 Mem. Order.) Cutchins, however, still has not properly served Home Depot. As such, the Court will dismiss the Complaint with prejudice pursuant to the factors outlined in *Poulis*, 747 F. 2d at 868.

### A.     The Extent of Cutchins's Personal Responsibility

The Court first analyzes Cutchins's personal responsibility in stifling the case's progress. Here, Cutchins carries full responsibility for the case's progress as a *pro se* litigant. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (stating "it is logical to hold a [*pro se*] plaintiff personally responsible for delays in his case because a [*pro se*] plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney"); *Young v. Somerset Cnty. Jail*, 515 F. App'x 107, 108-09 (3d Cir. 2013) (quoting *Briscoe*, 538 F.3d at 258-59) (stating "[w]e agree with the [m]agistrate [j]udge that the first factor, which focuses on the extent of [plaintiff's] personal responsibility, weighs against [plaintiff] because, as a [*pro se*] litigant, he is 'solely responsible for the progress of his case'"); *Dickens*, 700 F. App'x at 118 (articulating "the responsibility for [plaintiff's] failure to participate in the litigation falls on him, as he proceeded [*pro se*]"). To progress this case, Cutchins had one primary initial responsibility—properly serve Home Depot. Despite this Court's repeated instructions and extensions, Cutchins never did so. (*See* Mar. 2024 Order; Dec. 2024 Mem. Op.; Dec. 2024 Order; Mar. 2025 Mem. Order.) The first *Poulis* factor, accordingly, weighs in favor of dismissal.

### B.     Prejudice to Home Depot

Next, the Court analyzes whether Cutchins's failure to properly serve Home Depot caused prejudice. Prejudice is not limited to irreparable harm but may include "whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions.'" *Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *2 (D.N.J. Jan. 23, 2015) (quoting *Huertas v. City of Philadelphia*, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005)); *Metro Metals USA v. All-State Diversified Prods., Inc.*, No. 12-1448, 2013 WL 1786593, at *2 (D.N.J. Apr. 25, 2013) (finding dismissal appropriate where defendant was "plainly prejudiced"

by plaintiff's "failure to litigate its claim or comply with court orders," which "frustrate[d] and delay[ed] the resolution of th[e] action").

Here, Cutchins prejudiced Home Depot by repeatedly failing to effectuate service. Cutchins named Home Depot in a federal action on January 19, 2023 (Compl.) and still has not properly served Home Depot after thirty-two months. *See Gage v. Somerset Cnty.*, No. 19-9097, 2021 WL 7872185, at *2 (D.N.J. May 25, 2021), *R&R adopted*, No. 19-9097, 2022 WL 2223020 (D.N.J. June 21, 2022), *aff'd*, No. 22-2696, 2023 WL 179847 (3d Cir. Jan. 13, 2023) (finding that defendants "have been and continue to be prejudiced by [p]laintiff's failure to properly and timely effectuate service" after almost three years); *Walker v. York Cnty. Tax Claim Bureau*, No. 09-1925, 2010 WL 11601725, at *3 (M.D. Pa. Mar. 12, 2010), *aff'd*, 396 F. App'x 783 (3d Cir. 2010) (finding plaintiff "has caused prejudice to [d]efendant since it has been named in a federal lawsuit and no action, including service of a proper pleading, has been made on it to date, over five (5) months after [p]laintiff filed his action"). The Court thus finds that the second *Poulis* factor weighs in favor of dismissal.

### C.    History of Dilatoriness, Willfulness, and Bad Faith

Next, the Court analyzes whether Cutchins acted dilatorily and with bad faith. The Court first considers the extent and history of Cutchins's dilatoriness. The Third Circuit emphasizes that:

> [t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness[.]"). Here, Cutchins failed to properly serve Home Depot when he initially filed the Complaint thirty-two months ago and then ignored multiple Court Orders clearly instructing him on how to properly serve Home Depot with the Complaint and Summons.

8

(*See* Mar. 2024 Order; Dec. 2024 Mem. Op.; Dec. 2024 Order; Mar. 2025 Mem. Order); *see, e.g., Feliciano v. Spirit Tribe, Inc.*, No. 19-1356, 2020 WL 6059744, at *2 (M.D. Pa. Oct. 14, 2020) (stating "plaintiff's failure to serve defendant as well as his failure to respond to the court's Order for almost eight months, demonstrates a history of dilatoriness"). The third *Poulis* factor, accordingly, favors dismissal.

Now the Court considers the extent and history of Cutchins's willfulness and bad faith. Conduct that weighs in favor of dismissal is "'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,'" such as ignoring admonitions by the court, demanding numerous extensions, and making false promises to correct delays. *Hildebrand*, 923 F.3d at 135 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)). "'Willfulness involves intentional or self-serving behavior.'" *Id.* (quoting *Adams*, 29 F.3d at 875).

Here, Cutchins repeatedly ignored the Court's admonitions. This Court provided Cutchins explicit instructions on how to properly serve multiple times. (*See* Mar. 2024 Order; Dec. 2024 Mem. Op.; Dec. 2024 Order; Mar. 2025 Mem. Order.) Each time, the Court warned Cutchins that if he did not properly serve Home Depot, he could face dismissal with prejudice. (*See* Mar. 2024 Order; Dec. 2024 Mem. Op.; Dec. 2024 Order; Mar. 2025 Mem. Order.)

Even with the repeated instructions and warnings, Cutchins continued to ignore the Court's directives. (*See generally* Pl.'s May 2025 Opp'n Br.) Cutchins acknowledged he did not properly serve Home Depot, and instead, told this Court that it must relax service requirements because he is *pro se*. (*See id.* at 2, 5-6.) Specifically, Cutchins claims that the Court should relax service requirements because his efforts demonstrate substantial compliance, Home Depot had actual notice of the action, and good cause justifies an extension "if the Court finds service deficient."

9

(*See generally* Pl.'s May 2025 Opp'n Br.)[8] These arguments are not persuasive. *See Walker v. Pa. Off. of Admin.*, No. 23-2047, 2023 WL 8179274, at *1 n.3 (3d Cir. Nov. 27, 2023) (citing *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)) ("The fact that the defendants have actual notice does not excuse [*pro se* plaintiff] from properly serving them under Rule 4."); *Fulton v. V.I. Bureau of Internal Revenue*, No. 2011-132, 2014 WL 1345421, at *2 (D.V.I. Apr. 4, 2014) (citing *McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001)) ("Neither substantial compliance nor actual notice is enough to excuse a [*pro se*] litigant from his or her responsibilities under Rule 4.").

Moreover, Cutchins demanded extensions from this Court on top of the three already provided to him because of his *pro se* status. (Pl.'s July 2024 Opp'n Br. 18; Pl.'s May 2025 Opp'n Br. 2, 7-9, 13.) This Court will not waive the Rules altogether just because Cutchins is *pro se*. *Mala*, 704 F.3d at 244-45 (stating there is "greater leeway to [*pro se*] litigants" in narrow

---

[8] Almost all the cases Cutchins cites do not stand for the propositions he claims. (*See generally* Pl.'s May 2025 Opp'n Br. (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3d Cir. 1992) (does not provide a "directive to avoid 'hyper-technical' dismissals where the defendant suffers no prejudice" and does not hold "actual notice mitigates service defects, particularly where the defendant engages in the case" as Cutchins claims); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (articulating that the court allows for procedural flexibility when dealing with *pro se* prisoners—not any *pro se* litigant—but then articulating that there are limits to such flexibility, which Cutchins fails to mention); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) (does not demonstrate "good cause requires a showing of reasonable diligence, good faith, and lack of prejudice to the defendant" as Cutchins claims); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196-97 (3d Cir. 1998) (does not demonstrate "the Third Circuit found good cause where a [*pro se*] plaintiff made repeated, albeit flawed, service attempts"—rather the court found the opposite); *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (although articulating courts can consider notice and prejudice when deciding whether a service extension is warranted, the Third Circuit did not caution "against dismissing [*pro se*] cases" when there is notice and prejudice, and even affirmed an extension denial).) Not to mention, "*Raddack v. Pa. State Police*, 134 F. App'x 590, 592 (3d Cir. 2005)" does not exist. (*See* Pl.'s May 2025 Opp'n Br. 6.)

circumstances, but *pro se* litigants "still must serve process on the correct defendants," and "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (affirming district court's holding that a *pro se* plaintiff's "ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules"); *Conrad v. Potter*, No. 04-5094, 2006 WL 54337, at *2 (D.N.J. Jan. 10, 2006) (stating "even with the relaxed treatment accorded [*pro se*] plaintiffs, the Court has no power to adjudicate a suit over defendants who have not been served") (citations omitted). The fourth *Poulis* factor, accordingly, favors dismissal.

D.     **Alternative Sanctions**

Next, this Court considers whether there are any alternative sanctions to dismissal. "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. "[W]here a plaintiff is proceeding [*pro se*] . . . no alternative sanctions exist[] because monetary sanctions, including attorney's fees, w[ill] not be an effective alternative." *Briscoe*, 538 F.3d at 262-63 (citation and internal quotation marks omitted); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding dismissal the only appropriate sanction where plaintiff was indigent). Considering Cutchins is *pro se*, the fifth *Poulis* factor favors dismissal.

E.     **Meritoriousness of the Claim or Defense**

The final *Poulis* factor requires the Court to consider the merits of the parties' claims and defenses. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70 (citations omitted); *Briscoe*, 538 F.3d at 263 (stating "[g]enerally, in

determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim") (citation omitted).

"To state a claim for direct infringement of a patent, a complaint must: (1) name the accused product; (2) in each count, describe the alleged infringement; and (3) identify how the accused product infringed on every element of at least one claim in each of the plaintiff's patents." *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 582 F. Supp. 3d 199, 203 (D.N.J. 2022) (citing *NovaPlast Corp. v. Inplant, LLC*, No. 20-7396, 2021 WL 389386, at *7 (D.N.J. Feb. 3, 2021)).

Here, the Complaint fails to sufficiently plead a direct infringement claim. (*See generally* Compl.) Instead of identifying an accused product, Cutchins generally states "Home Depot Corporation sells [sic] product(s) that infringes against *medical patent claims*." (Compl. 3 (emphasis added)); *compare Miller Indus. Towing Equip. Inc.*, 582 F. Supp. 3d at 204 (stating plaintiff adequately pleaded a patent infringement claim in part when the complaint laid out a list of defendant's specific infringing models). Moreover, Cutchins failed to point to a single claim in the '979 Patent, let alone identify how Home Depot's model(s) infringe on every element of a claim. (*See generally* Compl.); *compare Miller Indus. Towing Equip. Inc.*, 582 F. Supp. 3d at 204-05 (stating plaintiff adequately pleaded a patent infringement claim in part when the complaint articulated how the defendant's models infringe on each element of the plaintiff's specific claims).

Further, Cutchins states that if granted leave to amend the Complaint, he will then specify the accused product and claims. (Pl.'s May 2025 Opp'n Br. 10.) Although the Court tends to allow *pro se* plaintiffs to amend their pleadings, *Gage v. N.J. Dep't of Env't Prot.*, No. 23-21264, 2024 WL 1076675, at *8 (D.N.J. Mar. 12, 2024), this is insufficient. *See Klein v. Autek Corp.*, 147 F. App'x 270, 278 (3d Cir. 2005) (denying leave to amend where party failed to "proffer a second

amended complaint curing the deficiencies or explaining what additional facts they could plead"); *In re Cybershop.com Sec. Litig.*, 189 F. Supp. 2d 214, 236 (D.N.J. 2002) (denying leave to amend in part because plaintiff failed to offer any proposed substantive amendment). The final *Poulis* factor, accordingly, favors dismissal.

In sum, upon careful consideration of all the *Poulis* factors, the Court finds dismissal with prejudice is appropriate under Rule 41(b).

### IV.  CONCLUSION

For the reasons set forth above, this Court will *sua sponte* dismiss the Complaint with prejudice. As such, the Court will deny the Motion to Dismiss and the Motion for Hearing as moot. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: 10/16/25

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE